# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TEXARKANA DIVISION

| | | |
|---|---|---|
| CHARLES WRIGHT JR., | § | |
| | § | |
| Plaintiff, | § | CIVIL ACTION NO. 5:17-CV-00163-RWS |
| | § | |
| v. | § | |
| | § | |
| D. EDGE, WARDEN AT FCI TEXARKANA; | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM ORDER OVERRULING OBJECTIONS AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Charles Wright, Jr., an inmate confined within the Bureau of Prisons, proceeding *pro se*, filed the above-styled petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Docket No. 1. The Court referred this matter to the Honorable Caroline M. Craven, United States Magistrate Judge, for consideration pursuant to 28 U.S.C. § 636(b)(1) and (3). The Magistrate Judge has submitted a Report and Recommendation of United States Magistrate Judge ("Report") recommending that the petition for writ of habeas corpus be dismissed. Docket No. 3 at 3. Mr. Wright filed objections to the Report. Docket No. 5. The Court reviews the objected-to portions of the Report *de novo*. Fed. R. Civ. P. 72(b)(2).

Mr. Wright was previously convicted of conspiring to manufacture and distribute more than five kilograms of cocaine and more than 50 grams of cocaine base. The conviction resulted in a sentence of 292 months of imprisonment. Mr. Wright filed the instant petition for writ of habeas corpus, contending his sentence was improper because it was based on facts not found by the jury to be true beyond a reasonable doubt.

In her Report, the Magistrate Judge concludes that because Petitioner is contesting the

sentence he received for his conviction, rather than challenging the conviction itself, his ground for review could not be asserted in a petition filed pursuant to 28 U.S.C. § 2241.[1] Docket No. 3 at 3. Mr. Wright objects to this conclusion, arguing that the petition does challenge the manner in which his sentence is being executed. Docket No. 5 at 3. The Court disagrees with Mr. Wright. An example of a challenge to the manner in which a sentence is being executed would be an assertion that the Bureau of Prisons has failed to give an inmate credit towards his sentence for time spent incarcerated prior to sentencing. Where a petitioner asserts that the sentence imposed by the trial court is improper, as is the case here, this is a challenge to the sentence itself. Therefore, Mr. Wright's objection on this point is overruled.

Second, Mr. Wright takes issue with the Magistrate Judge's characterization of his arguments. Specifically, in her Report, the Magistrate Judge notes that Mr. Wright relies on the Supreme Court's decisions in *Alleyne v. United States*, 570 U.S. 99 (2013), and *Apprendi v. New Jersey*, 530 U.S. 466 (2000), as the basis for his petition. Docket No. 3 at 2. Mr. Wright objects that he is not solely relying on these Supreme Court decisions, and that he cites these cases, among others, as references to establish his claim. Docket No. 5 at 4. The Court acknowledges that Mr. Wright does cite to additional Supreme Court decisions, even though he primarily relies on *Alleyne* and *Apprendi*. Even so, none of the cases cited by Mr. Wright remedy the fatal flaw in his petition. A prisoner may only utilize 28 U.S.C. § 2241 to challenge a federal criminal conviction where the ground for review: (1) is based on a Supreme Court decision that applies retroactively on collateral review and establishes that he may have been convicted of a nonexistent offense,

---

[1] While 28 U.S.C. § 2241 is correctly used to attack the manner in which a sentence is being executed, 28 U.S.C. § 2255 provides the primary means for collaterally attacking a federal conviction and sentence. *Tolliver v. Dobre*, 211 F.3d 876, 877 (5th Cir. 2000).

and (2) was foreclosed by applicable circuit law at the time it could have been asserted at trial, on direct appeal or in a first motion to vacate filed pursuant to § 2255. *Reyes-Requena v. United States*, 243 F.3d 893, 894 (5th Cir. 2001). Section 2241 may only be used to challenge a federal conviction, not a federal sentence. *Padilla v. United States*, 416 F.3d 424, 426 (5th Cir. 2005); *Wesson v. U.S. Penientiary Beaumont* TX, 305 F.3d 343 (5th Cir. 2002). Because Petitioner is attempting to use § 2241 to challenge his sentence, rather than his conviction, his ground for review is not cognizable in this proceeding. Therefore, the Court also overrules this objection.

Having made a *de novo* review of the written objections filed by Mr. Wright in response to the Report, the Court concludes that the findings and conclusions of the Magistrate Judge are correct. Accordingly,

Mr. Wright's objections (Docket No. 5) are **OVERRULED**. The Court **ADOPTS** the findings and conclusions contained in the Magistrate Judge's Report in their entirety.

It is further **ORDERED** that this petition for writ of habeas corpus is **DISMISSED.**

A final judgment will be rendered in accordance with the Magistrate Judge's recommendation.

**SIGNED this 18th day of December, 2017.**

ROBERT W. SCHROEDER III
UNITED STATES DISTRICT JUDGE